UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

UNITED STATES OF AMERICA,

                         Plaintiff,

       v.                                               DECISION AND ORDER
                                                        04-CR-83A

BENJAMIN POWELL

                         Defendant.

─────────────────────────────────

## INTRODUCTION

The defendant is charged in a 32 count indictment with violations of

18 U.S.C. §§ 1029 and 1341, specifically alleging access device fraud, fraud in

connection with identification documents and mail fraud.   On March 10, 2004,

Magistrate Judge H. Kenneth Schroeder revoked defendant's bail and issued a

written decision concerning the revocation on March 23, 2004.  Defendant

appeals from that decision as well as Magistrate Judge Schroeder's August 31,

2004 decision denying defendant's motion to have the Magistrate recuse or

disqualify himself from defendant's case.

## BACKGROUND

Upon his arrest in this matter in July 2003, defendant was

incarcerated through the Niagara County High Impact Incarceration Program. Upon defendant's completion of that program in September 2003, he was released on his own recognizance and placed under the supervision of the United States Probation Office.  On January 29, 2004, defendant's Probation Officer sent a memorandum to Magistrate Judge Schroeder detailing several instances of conflict beginning in October 2003 between defendant and the Officer as well as between defendant and his substance abuse counselors.  The Probation Officer suggested that a bail review be conducted and, if warranted, that defendant be required to submit to a mental health evaluation.

Magistrate Judge Schroeder held a bail review hearing on February 11, 2004, at which time he amended defendant's bail conditions and ordered defendant to submit to a mental health evaluation as a condition of his bail.  An appointment for the evaluation was made on defendant's behalf and he was informed of the date, time and location for the appointment.  Defendant failed to appear for the appointment.

On February 25, 2004 Magistrate Judge Schroeder again ordered defendant to submit to the evaluation and warned defendant that his failure to comply with the Court's directive could result in the revocation of his bail. Defendant was again informed of the date, time and location for the evaluation. Defendant again failed to appear at the appointed date and time.  On March 10, 2004 Magistrate Judge Schroeder revoked defendant's bail.  On March 11, 2004

Magistrate Judge Schroeder conducted a revocation hearing and issued a written decision on March 23, 2004.  Defendant filed a Notice of Appeal from that order on March 29, 2004.[1]

Subsequently, defendant made two motions seeking recusal or disqualification of Magistrate Judge Schroeder.  Magistrate Judge Schroeder denied the motions in a decision dated August 31, 2004.  Defendant filed a Notice of Appeal from that decision on September 8, 2004.  This Court heard oral argument on both appeals on May 12, 2005.

A.  Bail Appeal

Section 3148 of Title 18 of the United States Code provides that an order of revocation shall be entered if "after a hearing, the judicial officer finds that there is . . . clear and convincing evidence that the person has violated any

---

[1]     At that time, defendant was represented by the Federal Public Defender's Office, although his attorney had made a motion to be relieved as counsel due to interpersonal conflicts with defendant.  The Magistrate Judge directed counsel to file the Notice of Appeal referred to above, but allowed defendant to prosecute the appeal *pro se*.  The Magistrate Judge then granted counsel's motion to be relieved.  The Court subsequently appointed Robert Convissar, Esq., to represent defendant.  For some period of time, this appeal was not prosecuted during plea negotiations between defendant and the government.  After such negotiations proved fruitless, a briefing schedule was issued for this appeal.  In the interim, some disagreements arose between defendant and counsel, resulting in defendant's filing of a civil complaint (05-CV-003) in this Court against counsel for legal malpractice.  As defendant had sued counsel, counsel made a motion to be relieved.  The Court denied the motion, but permitted defendant to prosecute this appeal *pro se* with the assistance of counsel as stand by counsel for this appeal.  The matter was again delayed while defendant prepared his *pro se* brief.  Defendant's lawsuit against counsel has been dismissed for lack of subject matter jurisdiction.

other condition of release and . . . finds that . . .the person is unlikely to abide by

any condition or combination of conditions of release."  18 U.S.C. §

3148(b)(1)(B) and (b)(2)(B).  In reviewing a Magistrate Judge's revocation order,

the District Court should reach its own independent conclusion, and not simply

rely on the Magistrate Judge's conclusions.  See United States v. Leon, 766

F.2d 77, 80 (2d Cir. 1985).

      The Court finds by clear and convincing evidence that the defendant

violated a condition of his bail.  Defendant twice failed to appear for a mental

health evaluation ordered by the Magistrate Judge.  Defendant does not contest

this fact.

      Defendant argues that the Magistrate Judge's order to submit to an

evaluation was based on the Probation Officer's memorandum of January 29

and that the memorandum contained lies and misstatements of fact.  Defendant

contends that the Probation Officer sent the memorandum to the Magistrate

Judge in retaliation for the complaints defendant made against the Probation

Officer.  Defendant's opinion, however, as to the wisdom of the Magistrate

Judge's decision to order the evaluation is irrelevant to the issue at hand.  The

undisputed facts show that the defendant was ordered to undergo an evaluation

and he failed to comply with the Court's directive.

      Also irrelevant is the fact that defendant voluntarily submitted to a

mental health evaluation at Erie County Medical Center on February 9, 2004.  It

was not until February 11, 2004, that the Magistrate Judge ordered, for the first

time, that the defendant be evaluated.  Whether the defendant had been

evaluated prior to that time is not the issue .[2]  The record establishes, by clear

and convincing evidence, that the defendant violated a condition of his bail when

he failed to submit to a mental health evaluation as ordered by the Magistrate

Judge.

Since the defendant violated a condition of his bail, revocation is

required if the Court finds, by a preponderance of the evidence, that the

defendant is unlikely to abide by any condition or combination of conditions in

the future.  See United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997),

citing United States v. Gotti, 794 F.2d 773, 778 (2d Cir. 1986).  Defendant began

pre-trial supervision in September 2003, and his behavioral problems with his

Probation Officer began in October 2003, the very next month.  The defendant

refuses to acknowledge the authority of the Court to order him to submit to an

evaluation.  He also refuses to acknowledge that he was in error in failing to

comply.  Rather, he continues to insist that he did not have to comply.  It seems

likely that the defendant will continue to disregard instructions of the Court with

---

[2]  Defendant also argues that, in ordering the evaluation, the Court failed to
comply with 18 U.S.C. §§ 4241.  That section relates to ordering a mental health
examination for purposes of determining competency to stand trial.  Neither the
government nor the Probation Office has questioned defendant's competency to stand
trial.  Rather, the evaluation was recommended out of concern for defendant's
increasingly argumentative behavior toward his Probation Officer as well as counselors
at his substance abuse treatment facility.

which he disagrees.  The preponderance of the evidence standard is met here,

and defendant's appeal from the Magistrate Judge's order of revocation is

denied.


B.  Recusal Appeal

On July 17, and August 26, 2004, the defendant filed motions

seeking to have Magistrate Judge Schroeder recuse or disqualify himself from

defendant's case based on the appearance of partiality.  On August 31, 2004,

Magistrate Judge Schroeder issued a decision denying defendant's motions.  A

Notice of Appeal to this Court was filed on September 8, 2004.

Defendant contends that the Magistrate Judge should recuse or

disqualify himself from defendant's case because his acts of: (1) ordering a

mental health evaluation based on the Probation Officer's memo, (2) revoking

defendant's bail when defendant did not submit to the evaluation at the

appointed date and time; and (3) other unspecified instances of "conspiracy"

with the government and "cover up," create the appearance of bias or partiality.

Defendant also asserts that the Magistrate Judge's reference to defendant as

"dog who tail wag or wag the tail" indicates some bias against the defendant.

A motion to recuse is a non-dispositive matter, and therefore, this

Court's review of the Magistrate Judge's denial of the motion is governed by the

"clearly erroneous or contrary to law" standard of review.  See Kampfer on

<u>Behalf of Kampfer v. Gokey</u>, 159 F.R.D. 370, 372 (N.D.N.Y. 1995) (applying

"clearly erroneous or contrary to law" standard to Magistrate Judge's denial of

motion to recuse).  Defendant seeks recusal under 28 U.S.C. §§ 144, and 455.


Section 144 of Title 28 of the United States Code states that:

> [w]henever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom the
> matter is pending has a personal bias or prejudice either against
> him or in favor of any adverse party, such judge shall proceed no
> further therein, but anpother judge shall be assigned to hear such
> proceeding . . . The affidavit shall state the facts and the reasons for
> the belief that bias or prejudice exists, and shall be filed not less
> than ten days before the beginning of the term at which the
> proceeding is to be heard. [The affidavit] shall be accompanied by a
> certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.   Defendant also seeks recusal under § 455, which provides

that a judge shall disqualify himself

> (a) . . . in any proceeding in which his impartiality might reasonably
> be questioned.

and

> (b) (1) where he has a personal bias or prejudice concerning a
>
> party.

28 U.S.C. § 455.  The analysis is the same under both sections, as they are

construed in *pari materia*.  <u>See</u> <u>Apple v. Jewish Hosp. and Medical Center</u>, 829

F.2d 326, 333 (2d Cir. 1987).

"The substantive standard for recusal is whether a reasonable

person, knowing all the facts, would conclude that the court's impartiality might

reasonably be questioned."  Kampfer, at 372, citing United States v. Pitera, 5

F.3d 624, 626 (2d Cir. 1993), cert. denied, 510 U.S. 1131 (1994).  As the

government notes, the determination should focus on "conduct extrajudicial in

nature as distinguished from conduct within a judicial context."  In re

International Business Machines Corp., 618 F. 2d 923, 928 (2d Cir. 1980).

The acts of the Magistrate Judge upon which defendant's motions

are based clearly fall within the judicial context.  The Supreme Court has stated

that "judicial rulings alone almost never constitute a valid basis for a bias or

partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  "Opinions

formed by a judge on the basis of facts introduced or events occurring in the

course of judicial proceedings do not constitute a basis for recusal unless they

indicate that the judge has a deep-seated favoritism or antagonism that would

make fair judgment impossible."  United States v. Diaz, 176 F.3d 52, 112 (2d

Cir. 1999) (internal citation and quotation omitted).

There is no indication that the Magistrate Judge harbors any

antagonism toward the defendant, or favoritism toward the government.  The

Magistrate Judge's decisions in this matter merely reflect the defendant's willful

disregard of the bail conditions imposed by the Court.  The Magistrate Judge's

decision is not clearly erroneous or contrary to law and therefore defendant's

appeal is denied.

## CONCLUSION

Defendant's appeals from the decisions of the Magistrate Judge are denied.

The Court further orders that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court further orders that defendant be afforded reasonable opportunity for private consultation with counsel.

Finally, the Court directs that on order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined deliver the defendant to a United States Marshal for the purpose of appearance in connection with any court proceeding.

The parties shall appear on June 23, 2005 at 9:00 a.m. for a meeting to set a trial date.

IT IS SO ORDERED.

/s/ Richard J. Arcara

_____
RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: June 20, 2005